UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS YOUNG,<br>Plaintiff,<br>v.<br>FORD MOTOR COMPANY,<br>Defendant. | No. 2:25-cv-02360-DJC-CSK<br><br>ORDER |

Pending before the Court is Plaintiff's Motion to Remand the instant action to San Joaquin Superior Court. The Parties dispute whether Defendant demonstrated that the amount in controversy exceeds $75,000.00. Because the Court finds that Defendant has failed to meet its burden in establishing that the amount in controversy exceeds $75,000.00, the Court GRANTS the Motion to Remand.

**BACKGROUND**

Plaintiff Demetrius Young ("Plaintiff") purchased a 2022 Ford F150 ("Vehicle") on or about September 1, 2022. (Compl. (ECF No. 1-2) ¶ 10.) Plaintiff received express written warranties related to the Vehicle. (*Id.* ¶ 11.) The Vehicle subsequently developed defects, including but not limited to transmission defects, engine defects, and climate control defects. (*Id.* ¶ 15.) After Defendant Ford Motor Company

attempted and failed to repair the defects, Plaintiff revoked his acceptance of the Vehicle. (*Id.* ¶¶ 8–9.) On December 10, 2024, Plaintiff filed this action in the San Joaquin County Superior Court alleging violations of the Song-Beverly Consumer Warranty Act ("Song Beverly"), codified at Cal. Civ. Code § 1794. (*See generally* Compl.) Defendant removed the action to this Court on August 19, 2025. (Not. of Removal ("NOR") (ECF No. 1).) On December 3, 2025, Plaintiff filed a Motion to Remand (ECF No. 12), which is fully briefed. (*See* Mot. (ECF No. 13); Opp'n (ECF No. 14); Reply (ECF No. 16)).

**LEGAL STANDARD**

Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal court if there exists original jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Courts strictly construe the removal statute against removal and federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party removing a case to federal court "has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

**DISCUSSION**

The parties do not dispute that there is complete diversity of citizenship between them. The remaining issue before the Court is whether the amount in controversy is met.

**I. Amount in Controversy**

The Parties contest whether the amount in controversy in the instant matter exceeds $75,000.00.

**A. Burden of Proof**

The Parties contest the nature of Defendant's burden of proof on removal. If the complaint does not allege that the amount in controversy has been met, the removing Defendant only needs to plausibly allege in its notice of removal that the

amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). Defendant has made plausible allegations in its Notice of Removal. (NOR at 3-7).

When, as here, the Plaintiff contests the Defendant's allegations, the Defendant must then establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992). Then, the parties may submit evidence outside the complaint, including affidavits or declarations, or other "summary judgement-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015); *see also Dart*, 574 U.S. at 88.

**B. Relief Requested**

In the Prayer for Relief, Plaintiff requests the following relief (Compl. at 15).

1) General, special and actual damages according to proof
2) Restitution
3) Consequential and incidental damages
4) Diminution in value
5) A civil penalty in the amount two times Plaintiff's actual damages, pursuant to Civil Code § 1794(c) or (e)
6) Prejudgment interest at the legal rate
7) Punitive damages
8) For costs and expenses of suit, and for Plaintiff's reasonable attorneys' fees, pursuant to Civil Code § 1794(d)
9) Such other relief as the Court may deem proper

As to the requested damages, Plaintiff alleges in his complaint damages will exceed $35,001.00. (Compl. ¶ 24.) While Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether all these damages are subsumed within the request for $35,001.00. In this motion, Plaintiff

clarifies that the word "damages" is meant to refer to total damages, including actual damages, civil penalties, and attorney's fees. (Mot. at 6.)

The court finds the amount in controversy is unclear from the face of Plaintiff's Complaint. Therefore, Defendant must establish that it is more likely than not that the total amount in controversy exceeds $75,000. *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020).

**C. Actual Damages**

Plaintiffs first argue that Defendant's assessment of actual damages is speculative. Defendant relies on the contract price for the Vehicle and the two-times civil penalties to surpass the jurisdictional threshold. Defendant presented evidence in the form of the Retail Installment Sales Contract ("RISC"), setting forth $68,802.90 for the Vehicle. (RISC, Ex. B (ECF No. 14-3).) The RISC indicates that Plaintiff did not make a down payment and agreed to the following payment schedule: 83 monthly payments of $957.69 beginning November 6, 2022. (*Id.*) Defendant has provided no information as to how many payments Plaintiff has made on the Vehicle (Reply at 6), although Defendant cites "incomplete information" as the reason why the financing charges were not included. (Opp'n at 3.)

Section 1794(b) provides that "[t]he measure of the buyer's damages in an action under this section shall include the rights of replacement or reimbursement as set forth in subdivision (d) of Section 1793.2...." Cal. Civ. Code § 1794(b). Section 1793.2(d) provides, in part, that a manufacturer must "replace the new motor vehicle ... or promptly make restitution to the buyer" if unavailable to service or repair the vehicle. *Id.* § 1793.2(d)(2). Where a manufacturer makes restitution, it must be "in an amount equal to the actual price paid or payable by the buyer." *Id.* § 1793.2(d)(2)(B). Thus, Plaintiffs may only recover "the actual price paid or payable" under section 1794 (b)(1). *See Rivera v. Ford Motor Co.*, No. 5:24-cv-06740-EJD, 2025 WL 502051, at *3 (N.D. Cal. Feb. 14, 2025).

Courts have varied in whether the "actual price paid or payable by the buyer"

includes a buyer's outstanding payments based on the facts in the case. *See, e.g.*, *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 895 (S.D. Cal. 2021) (collecting cases). Where a vehicle is leased, courts may be inclined to consider only the amount paid in calculating the amount in controversy to avoid the buyer receiving a windfall. *See id*. at 896. However, granting an unpaid loan balance may be warranted in cases where the buyer has contracted with a third-party lender. *Id.* It may also be the case that a defendant potentially pays the lender directly. *Id.*

Here, it is unclear whether Plaintiff has made any payments on the loan for the Vehicle, or whether Plaintiff could recover more than the payments already made. *See Rivera*, 2025 WL 502051 at *3–4 (finding that remand was appropriate where the defendant failed to include evidence of payments plaintiff made on the loan for the vehicle). Because Defendant could not reasonably assume the amount of money "payable" by Plaintiffs if they succeed absent this information, and because it is Defendant's burden to show that Plaintiff has put the purchase price into controversy, the Court finds that remand is proper. Accordingly, the Court finds the $68,802.90 value speculative and finds remand is warranted.

**CONCLUSION**

Accordingly, the Court GRANTS Plaintiffs' Motion to Remand (ECF No. 12). The Clerk of Court is directed to remand the case to the Superior Court of California, County of San Joaquin and close this case.

IT IS SO ORDERED.

Dated: **August 6, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE